# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-3537

———————

Robert E. Sanford,                                   *
                                                     *
                   Appellant,                        *
                                                     *    Appeal from the United States
        v.                                           *    District Court for the
                                                     *    District of Nebraska.
Jeffery Newton, Director; Regina                     *
Davis, Corrections Officer; Richard                  *    [UNPUBLISHED]
Sherman, Case Management; Richard                    *
Dutcher, Corrections Officer,                        *
                                                     *
                   Appellees.                        *

———————

Submitted: May 29, 2012
    Filed:  July 20, 2012

———————

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Robert Sanford appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action against Douglas County Department of Corrections (DCDC) Director Jeffrey Newton, Classification Supervisor Regina Davis,

———————

[1] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Classification Officer Richard Sharman, and Housing Unit Officer Richard Dutcher.[2] He alleged that--as a result of an altercation with DCDC officers--Davis, Sharman, and Dutcher housed him with other inmates designated as "keep separates," and failed to protect him from December 2007 and January 2008 attacks by those keep separates; and that Davis and Newton were responsible for failing to supervise and correct his housing assignments.

We conclude that summary judgment was proper. See Schoelch v. Mitchell, 625 F.3d 1041, 1045-46 (8th Cir. 2010) (de novo review). Sanford did not rebut defendants' evidence that the altercation did not influence his housing assignments and that Dutcher had no control over Sanford's housing assignments; Sanford stated that his housing assignment prior to the December 2007 attack was authorized by a nondefendant officer; and Sanford did not show that Davis and Newton were liable in their supervisory capacity. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (plaintiff must plead that each government official violated Constitution through official's own actions); Parrish v. Ball, 594 F.3d 993, 1001-02 & n.1 (8th Cir. 2010) (discussing showing required to establish supervisory liability); cf. Haynes v. Stephenson, 588 F.3d 1152, 1155-56 (8th Cir. 2009) (prima facie case of retaliation requires, inter alia, evidence of retaliatory motive).

While Sanford contended that Sharman was directly responsible for housing him in the unit where he was attacked by a keep separate in January 2008, we conclude Sanford did not show that Sharman acted with deliberate indifference. See Schoelch, 625 F.3d at 1046 (to prove failure to protect from harm, plaintiff must show, inter alia, that defendant was aware of facts from which he could infer substantial risk of serious harm existed, and that he drew such inference). Sharman declared under penalty of perjury that he never knowingly or intentionally placed Sanford with a keep separate, and although Sanford asserted that another DCDC

---

[2]We spell appellees' names as they do in their court filings.

officer told him that Sharman had a difficult time placing Sanford because of his extensive keep-separates list, Sanford "cannot rely on hearsay to avoid summary judgment." See Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 885 (8th Cir. 2009) (plaintiff's own testimony that he heard someone refer to defendant by name during telephone call was inadmissible to show that defendant had knowledge of serious medical need, because alleged statement referring to defendant was made out of court and was offered to prove that defendant was on other end of phone).

Accordingly, we affirm the judgment.

_____